STATE OF NORTH CAROLINA v. STEVEN M. STINSON

No. 71

(Filed 20 April 1979)

1. Criminal Law § 76.6 — inducement to make statement — court's finding of fact sufficient

In a prosecution for second degree murder where defendant testified that a deputy sheriff had told him that it would be to his benefit to talk, the trial court's finding that "no hope of reward or inducement was made by the law enforcement officers for the defendant to make these statements" sufficiently resolved the evidentiary conflict against defendant, and the trial court did not err in failing to suppress defendant's statement.

**2. Criminal Law § 71— burns on child's body—shorthand statements of fact**

In a prosecution for second degree murder of defendant's two year old child, the trial court did not err in allowing two lay witnesses to testify that they had observed burns on the body of the child, since such statements were admissible as shorthand statements of fact.

**3. Homicide § 15.5— cause of death—expert's opinion testimony**

An expert forensic pathologist who conducted an autopsy on the body of a homicide victim could properly testify that the cause of deceased's death could have been human blows, since the witness's opinion was clearly based on the autopsy, and an expert may give an opinion based on facts within his personal knowledge.

**4. Homicide § 20.1— photographs of deceased—admissibility**

The trial court in a second degree murder prosecution did not err in admitting into evidence four color photographs of deceased's body since the photographs were properly authenticated, were used to illustrate the testimony of an expert witness, and were accompanied by proper limiting instructions.

**5. Homicide § 21.7— second degree murder—malice—sufficiency of evidence**

Where the jury could properly have found that defendant inflicted a number of injuries on the body of his two year old son over a period of time and then finally inflicted blows sufficient to cause death, the jury could have inferred the necessary malice to support a conviction of second degree murder.

Justices BRITT and BROCK did not participate in the consideration or decision of this case.

BEFORE *Judge Gavin* at the 18 July 1977 Criminal Session of ONSLOW Superior Court and on a bill of indictment proper in form, defendant was tried and convicted of second degree murder. He appeals under G.S. 7A-27(a). This case was argued as No. 23 at the Spring Term 1978.

*Rufus L. Edmisten, Attorney General, by Daniel C. Oakley, Assistant Attorney General, for the state.*

*Billy Sandlin, Attorney for defendant.*

EXUM, Justice.

After consideration of defendant's assignments of error challenging, among other things, the sufficiency of the trial court's findings of fact on a motion to suppress, the admission of certain evidence and the sufficiency of the evidence to support second degree murder, we find that defendant received a fair trial free from prejudicial error.

The state's evidence tended to show that in the early morning hours of 8 May 1977 members of the Jacksonville Rescue Squad responding to a call at defendant's home found defendant's two-year-old son Patrick dead. An autopsy showed the cause of Patrick Stinson's death to be laceration of the duodenum, jejunum and ileum with hemorrhage and peritonitis. The doctor who conducted the autopsy testified that in his opinion the cause of the fatal injury could have been human blows. He further stated that there were multiple burns and bruises of varying ages on the deceased's body. Testimony of other witnesses corroborated the presence of the burns and bruises and the fact that they were of some duration. Defendant originally told deputy sheriffs investigating the case that Patrick had drowned. He later stated that he had beaten the child but had not intended to kill him.

Defendant offered no evidence.

[1] Defendant's first assignment of error challenges the sufficiency of the trial court's findings of fact on defendant's motion to suppress his statements to the deputy sheriffs. On voir dire defendant testified that Deputy Sheriff Woodward told him it would be to his benefit to talk. Woodward denied making any such statement. Defendant argues that if his confession was induced by hope of benefit it was involuntary and should have been suppressed. *See State v. Fuqua,* 269 N.C. 223, 152 S.E. 2d 68 (1967). He argues that an evidentiary conflict was raised on this point and the trial court failed to resolve it. We note, however, that among the findings of fact by the trial court on the motion to suppress was the following: "That no hope of reward or inducement was made by the law enforcement officers for the defendant to make these statements." Although not couched in the exact language of the testimony, this finding sufficiently resolves the evidentiary conflict against defendant. It is supported by the evidence and therefore conclusive on appeal. *State v. Smith,* 278 N.C. 36, 178 S.E. 2d 597, *cert. denied,* 403 U.S. 934 (1971). Defendant's first assignment of error is overruled.

[2] Defendant next argues that it was error to allow two lay witnesses to testify that they had observed burns on the body of Patrick Stinson. He contends that these statements were impermissible expressions of opinion. We disagree. "This Court has long held that a witness may state the 'instantaneous conclusions

of the mind as to the appearance, condition, or mental or physical state of persons, animals, and things, derived from observation of a variety of facts presented to the senses at one and the same time.' Such statements are usually referred to as shorthand statements of facts." *State v. Spaulding*, 288 N.C. 397, 411, 219 S.E. 2d 178, 187 (1975), *death penalty vacated*, 428 U.S. 904 (1976); *accord State v. Jones*, 291 N.C. 681, 231 S.E. 2d 252 (1977) (witness allowed to testify he saw bloodstains on defendant's shirt). We think the witnesses' testimony that they observed burns on the deceased's body is clearly permissible under this rule. Defendant's second assignment of error is overruled.

[3] Defendant's third assignment of error challenges the admissibility of Dr. Walter Gable's opinion that the cause of deceased's death could have been human blows. Dr. Gable, who was qualified as an expert forensic pathologist, had conducted an autopsy on the body of Patrick Stinson. His opinion was clearly based on that autopsy. "It is a well-settled rule that an expert may give an opinion based on facts within his personal knowledge . . . ." *State v. Wade*, 296 N.C. 454, 458, 251 S.E. 2d 407, 409 (1979). Defendant's third assignment of error is overruled.

[4] Defendant next assigns as error the introduction into evidence of four color photographs of deceased's body. "Properly authenticated photographs of the body of a homicide victim may be introduced into evidence under instructions limiting their use to the purpose of illustrating the witness' testimony. Photographs are usually competent to be used by a witness to explain or illustrate anything that it is competent for him to describe in words." *State v. Cutshall*, 278 N.C. 334, 347, 180 S.E. 2d 745, 753 (1971). Here the photographs were properly authenticated. They were clearly used to illustrate Dr. Gable's testimony. Proper limiting instructions were given. Finally, we have examined the photographs themselves and find they were neither excessive in number nor unduly prejudicial.

[5] Defendant by his fifth assignment of error contends that the evidence was not sufficient to show the element of malice necessary for a conviction of second degree murder. Defendant bases this argument primarily on his statements to police officers that he did not mean to kill or hurt Patrick Stinson. "While an in-

tent to kill is not a necessary element of second degree murder, the crime does not exist in the absence of some intentional act sufficient to show malice and which proximately causes death." *State v. Wilkerson*, 295 N.C. 559, 580, 247 S.E. 2d 905, 917 (1978). As the trial court properly instructed the jury this necessary element of malice can be found even in the absence of an intent to kill or inflict serious injury when a defendant has acted wantonly "in such a manner as to manifest a depravity of mind, [a] heart devoid of a sense of social duty and a callous disregard for human life." In considering defendant's argument, which is based on his motion for nonsuit, we must consider the evidence in the light most favorable to the state and give the state the benefit of every reasonable inference that can be drawn therefrom. *State v. Witherspoon*, 293 N.C. 321, 237 S.E. 2d 822 (1977). The jury could properly have found that defendant inflicted a number of injuries on the body of his two-year old son over a period of time and then finally inflicted blows sufficient to cause death. From this the jury could have inferred the necessary malice to support a conviction for second degree murder. Defendant's fifth assignment of error is overruled.

We have examined defendant's remaining assignments of error and find they do not merit discussion. In the trial there was

No error.

Justices BRITT and BROCK did not participate in the consideration or decision of this case.