STATE OF NORTH CAROLINA v. DAVID MAURICE BEATY

No. 97A81

(Filed 3 August 1982)

1. **Criminal Law § 66.1— in-court identification—opportunity for observation—independent origin**

    A robbery victim had a sufficient opportunity to observe defendant so that his in-court identification of defendant was of independent origin and not tainted by any unnecessarily suggestive pretrial photographic identification where the victim testified that defendant stood in front of him in a well-lighted store for approximately five minutes; the victim was able to give an accurate description of the defendant to law enforcement officers; the victim looked through the photographic line-up once and immediately selected defendant's picture from the group; and only later was he told that defendant was in custody.

2. **Criminal Law § 86.5— cross-examination of defendant—robberies of other liquor stores—admission of such robberies**

    In a prosecution of defendant for the armed robbery of an ABC store, cross-examination of defendant as to whether he had robbed other liquor stores and whether he had admitted these robberies to law officers was not tantamount to a suggestion that he had been arrested or indicted for such offenses and was admissible under the rule that a defendant who testifies may be asked for impeachment purposes whether he has committed specific criminal acts or been guilty of specified reprehensible conduct.

3. **Criminal Law § 75.1— confession—delay in taking defendant before judicial official**

    Defendant's confession was not inadmissible on the ground that he was not taken before a judicial official without unnecessary delay pursuant to G.S. 15A-501(2) since that statute is predicated upon an "arrest," and defendant was not arrested until after he confessed.

4. **Criminal Law § 26.3; Robbery § 1.1— taking property belonging to store and employee—conviction of only one count of robbery**

    A defendant who allegedly took money belonging to an ABC store and money belonging to the store manager by threatening the life of the manager with a firearm could lawfully be convicted of the armed robbery of either the store or the manager but not both. Furthermore, such defendant could also be convicted of a larceny from either the store or the manager if he were so charged.

    Justice MARTIN took no part in the consideration or decision of this case.

APPEAL by defendant from judgments entered by *Llewellyn, J.* on 28 May 1981, Criminal Session of Superior Court, NASH County.

Defendant was tried upon two indictments, proper in form, each charging him with armed robbery. One charged the armed robbery of the Middlesex ABC store in Nash County and the other the armed robbery of its manager Franklin Perry. The jury found the defendant guilty of both charges. The trial judge sentenced defendant to life imprisonment for armed robbery of the ABC store and to imprisonment for not less than twelve nor more than twenty years for the armed robbery of Franklin Perry.

Defendant's assignments of error relate primarily to the admissibility of evidence concerning an in-court identification and certain inculpatory statements he made to law enforcement officers connecting him with the crimes charged as well as other armed robberies. Additionally, he argues that he has been subjected to multiple prosecutions for the same offense, and therefore the second indictment charging him with armed robbery of Franklin Perry must be quashed. We find no error on the evidentiary questions. For the reasons stated in response to defendant's double jeopardy argument, we arrest judgment in the second case thereby vacating that portion of the sentence based on his conviction under the second indictment.

*Rufus L. Edmisten, Attorney General by George W. Boylan, Assistant Attorney General, for the State.*

*Joseph M. Hester, Jr., Attorney for Defendant-Appellant.*

MEYER, Justice.

We note initially that defendant has failed to comply with Rule 28(b)(2) of the North Carolina Rules of Appellate Procedure requiring that the appellant's brief contain a concise statement of the case. Nevertheless, we have gleaned from the record on appeal, particularly the testimony given at trial, the following summary of the facts.

On 12 December 1980 at about 2:15 p.m., the defendant and another man entered the Middlesex ABC store where the store manager Franklin Perry was then working. Defendant asked for two half-gallons of rum. Mr. Perry asked defendant if he wanted dark or light rum. At this point, defendant became aware that another individual, a Mr. Womble, was in the store, and he told his companion to call at a phone booth to find out what kind of

rum "she" wanted. Mr. Perry remained behind the counter looking straight ahead and at the defendant until Mr. Womble left the store a few minutes later. Defendant then asked for two half-gallons of dark rum. As Mr. Perry bent down to get the rum, defendant jumped on the counter, squatted down, and pointed a shotgun at him. While defendant took money from the cash register and a cash drawer, he instructed his companion to take Mr. Perry's wallet, which was removed from his back pocket and which contained $208.

Three days after the robbery, Mr. Perry was asked to meet with ABC officers and at that time selected defendant's picture from a photographic array. Mr. Perry testified that he "spotted it right off." Deputy Sheriff M. M. Reams testified that on that same day, as a result of a lead, he asked defendant to come in for questioning. Defendant came voluntarily. Subsequent to Mr. Perry's photographic identification, Officer Reams advised defendant of his rights. In the presence of Officer Reams and an ABC officer, defendant signed a waiver of rights. At first defendant denied any involvement in the robberies, but after being informed that an identification had been made gave statements implicating himself in the Middlesex robbery as well as two others. At this time no warrants had been issued for the defendant and he had not been arrested. Both officers who were present at the interrogation testified that the defendant was cooperative; that he did not appear to be under the influence of any drugs; that he appeared to understand the proceedings; and that he did not request to leave at any time during the questioning.

At trial, defendant took the stand. He denied going into the Middlesex ABC store, participating in the robbery, and owning a firearm.

[1] Defendant contends that the pretrial photographic line-up was so suggestive and conducive to irreparable mistaken identity that it tainted the in-court identification. He does not argue that the array of photographs shown to the witness was such as to unduly single out the defendant or otherwise influence the witness's choice. Rather, he questions Mr. Perry's ability to adequately identify him, given the circumstances surrounding the robbery.

On voir dire, Mr. Perry testified that the defendant stood in front of him in a well-lighted store for approximately five

minutes. He was able to give an accurate description of the de-
fendant to law enforcement officers. He looked through the
photographic line-up once and immediately selected defendant's
picture from the group. Only later was he told that the defendant
was in custody. The trial court's findings are supported by compe-
tent evidence, and in turn support the conclusion that Mr. Perry's
in-court identification of the defendant was of an independent
origin, based solely on what he saw at the time of the robbery,
and in no way tainted by any pretrial identification procedure so
unnecessarily suggestive and conducive to irreparable mistaken
identification as to constitute a denial of due process. We are
bound by the court's ruling, and the in-court identification was
properly allowed. *State v. Weimer*, 300 N.C. 642, 268 S.E. 2d 216
(1980); *State v. Tuggle*, 284 N.C. 515, 201 S.E. 2d 884 (1974).

[2]   The trial court permitted the State, over objection, to cross-
examine the defendant concerning the two other ABC store
robberies in which defendant had admitted his involvement. De-
fendant assigns as error both the admission of the testimony and
the court's refusal to reopen voir dire to determine the ad-
missibility of these confessions.

Defendant relies on *State v. Williams*, 279 N.C. 663, 185 S.E.
2d 174 (1971), and argues that the State improperly impeached
him as to indictments, accusations and arrest. An inquiry as to
whether the defendant had robbed other liquor stores and
whether he had admitted these robberies to the officers is not
tantamount to a suggestion that he had been arrested or indicted
for these offenses. The information sought to be elicited falls
within the recognized rule that a criminal defendant who testifies
may, for impeachment purposes, be asked whether he has commit-
ted specific criminal acts or been guilty of specified reprehensible
conduct. *State v. Gainey*, 280 N.C. 366, 185 S.E. 2d 874 (1972).

Defendant persisted in denying his involvement in the other
robberies. The District Attorney continued to press, finally con-
fronting the defendant with the statements he had made. The
record discloses that when so confronted, defendant volunteered
information contained in the first statement. He was asked only
to verify his signature on the second statement. The State made
no reference to the nature or contents of the writings. "A

witness's denial of a conviction or of specific degrading conduct does not per se preclude further cross-examination with reference to these matters." *State v. Garrison,* 294 N.C. 270, 279, 240 S.E. 2d 377, 382 (1978). Also in *Garrison* the Court said: "It is for the trial judge to say how far the State may go 'in sifting' the witness who denies the commission of the acts about which he is cross-examined. The scope of such cross-examination is subject to his discretion." 294 N.C. at 278-79, 240 S.E. 2d at 382.

We find no basis for defendant's argument that further voir dire was necessary to determine the admissibility of defendant's confessions to offenses other than the crimes charged. The confessions were not introduced into evidence. The information contained in the confessions did, however, provide a good faith basis for the State's impeaching questions, and the court immediately instructed the jury that the only purpose of the testimony concerning other robberies was impeachment. These assignments are overruled.

[3] Defendant next contends that his confessions were obtained as a result of a substantial violation of G.S. § 15A-501(2), and therefore should have been suppressed pursuant to G.S. § 15A-974. He also assigns as error the admission into evidence of the Middlesex robbery confession because it was not voluntarily and understandingly given.

G.S. § 15A-501(2) provides that a law enforcement officer must, upon the arrest of a person, take him before a judicial official without unnecessary delay. We agree with the State that defendant's position is not well taken because G.S. § 15A-501(2) is predicated upon "arrest," and defendant was not arrested until after he confessed. Defendant's rights under G.S. § 15A-501(2) were not violated. The statute clearly contemplates post-arrest procedures. Defendant was not arrested until after his interrogation. The facts belie any suggestion that he was "technically" under arrest.

Further, counsel for the defendant concedes that the trial court's findings concerning the admissibility of the Middlesex robbery confession were supported by competent evidence and that the statement was properly admitted. Our review of the record yields the same conclusion, and the assignment of error is overruled. *State v. Stinson,* 297 N.C. 168, 254 S.E. 2d 23 (1979); *State*

*v. Smith,* 278 N.C. 36, 178 S.E. 2d 597, *cert. denied,* 403 U.S. 934 (1971).

**[4]** Finally, defendant contends that the second indictment herein must be quashed as he was subjected to multiple prosecutions for the same offense; the verdict will support only one judgment for a violation of G.S. § 14-87 (armed robbery). We agree.

In order to sustain the conviction and sentence at one trial for multiple offenses arising out of a single criminal incident, each offense must rest on different necessary elements. The test is "[w]hether the facts alleged in the second indictment, if given in evidence, would have sustained a conviction under the first indictment" or "whether the same evidence would support a conviction in each case." *State v. Hicks,* 233 N.C. 511, 516, 64 S.E. 2d 871, 875 (1951).

The elements necessary to constitute armed robbery under G.S. § 14-87 are (1) the unlawful taking or an attempt to take personal property from the person or in the presence of another (2) by use or threatened use of a firearm or other dangerous weapon (3) whereby the life of a person is endangered or threatened. "Force or intimidation occasioned by the use or threatened use of firearms, is the main element of the offense." *State v. Mull,* 224 N.C. 574, 576, 31 S.E. 2d 764, 765 (1944). Ownership of the property is generally immaterial as long as the proof is sufficient to establish ownership in someone other than the defendant. *State v. Rogers,* 273 N.C. 208, 159 S.E. 2d 525 (1968).

We have found no North Carolina case dealing precisely with the very issue before us, that is, whether a person may be convicted of two counts of armed robbery where, in addition to the theft of an employer's money or property, the robber takes money or property belonging to an employee.[1] A brief review of

---

1. In *State v. Sellars,* 52 N.C. App. 380, 278 S.E. 2d 907 (1981), the court was faced with the question of whether defendant's motion for election or dismissal for duplicity should have been granted. Defendant was charged on a *single count* indictment alleging theft of $9.00 from a motel employee and $283.50 from the "presence, person, place of business of the Village Motel" and the employee. The court stated that defendant was charged with only one offense, not two. "The fact that in that robbery defendant obtained money both from the prosecuting witness and the Village Motel does not create separate offenses." 52 N.C. App. at 387, 278 S.E. 2d at 914.

several categories of robbery cases in which a double jeopardy issue was raised proves helpful. One category of cases involves the situation where more than one person is present during a robbery wherein the life of each is threatened and property is taken from the person of each. Here the robber can be convicted of more than one armed robbery offense. *State v. Gibbs*, 29 N.C. App. 647, 225 S.E. 2d 837 (1976); *State v. Johnson*, 23 N.C. App. 52, 208 S.E. 2d 206, *cert. denied*, 286 N.C. 339, 210 S.E. 2d 59 (1974); *State v. Stitt*, 18 N.C. App. 217, 196 S.E. 2d 532 (1973).

Another category of cases involves the situation where two persons, both employees, are present during a robbery wherein the life of each is threatened incident to the theft only of property or money belonging to the employer. Here a single armed robbery is committed. *State v. Potter*, 285 N.C. 238, 204 S.E. 2d 649 (1974); *State v. Ballard*, 280 N.C. 479, 186 S.E. 2d 372.

The two categories are distinguishable: The first line of cases deals with robbery of two or more individuals, each assaulted and each thereby coerced into giving up personal property belonging to him. The second category involves robbery of a place of business in the presence of two or more individuals—multiple assaults, but theft of property from only one source, the business.

Similar facts in the recent case of *State v. Hall*, 305 N.C. 77, 286 S.E. 2d 552 (1982), posed a different but interesting question. There the defendant was charged with only one count of armed robbery although he took, at gunpoint, $40.00 of personal money from the person of a service station attendant and cash, cigarettes and wine belonging to the owner of the service station. The defendant argued that although he was charged with only one count of armed robbery, the submission of the two offenses of armed robbery to the jury deprived him of his right to a unanimous verdict because some of the jurors might have found him guilty of robbing the attendant and not the store, while others might have found him guilty of robbery of the store but not of the attendant. The Court found no error. This Court said:

> The jury unanimously convicted defendant of armed robbery and that verdict must stand because the evidence overwhelmingly supports it and nothing indicates any confusion, misunderstanding or disagreement among the jurors with respect to the unanimity of the verdict. The compelling in-

ference is that, rather than reaching a verdict based upon partial agreement that Hall took $40 from Thompson's pocket and partial agreement that he took cash, cigarettes and wine from the Texaco station, the jury unanimously agreed that he did both.

305 N.C. at 87, 286 S.E. 2d at 558.

Whereas in *Hall* and in *State v. Sellars,* 52 N.C. App. 380, 278 S.E. 2d 907 (footnote 1), there was only one count of armed robbery, in the case before us there are two separate indictments charging in one instance the armed robbery of the ABC store and in the other instance the armed robbery of the attendant.

We held in *State v. Potter,* 285 N.C. 238, 204 S.E. 2d 649 (1974), that the gunpoint taking of the employer's property from two store clerks is a single offense of armed robbery. In *Potter* we expressed *no opinion as to a factual situation in* which, in addition to the theft of the employer's property, the robber takes money or property of an employee. *Ibid.* at 253, 204 S.E. 2d at 659.

The Court of Appeals held in *State v. Johnson,* 23 N.C. App. 52, 208 S.E. 2d 206, *cert. denied,* 286 N.C. 339, 210 S.E. 2d 59 (1974), that the armed robbery of two persons at the same time and place in which the money or property of each victim was taken constitutes two armed robberies and the accused may be separately prosecuted and punished for each.

In *State v. Gibbs,* 29 N.C. App. 647, 225 S.E. 2d 837 (1976), the evidence showed that one defendant forced a store clerk at knife point to a back room in the store where he took her pocket book and then returned her into the store where he took the store's money while a codefendant held a second clerk on the floor at gunpoint. Held: Defendants were properly convicted of two *separate* counts of armed robbery.

In *State v. Sellars,* 52 N.C. App. 380, 278 S.E. 2d 907 (1981), the bill of indictment charged defendant with armed robbery of the prosecuting witness and also with taking money from the Village Inn Motel where the witness worked, all *in a single count.* The Court of Appeals held that defendant was charged with only one offense, the armed robbery of the prosecuting witness, and the fact that in the robbery

defendant obtained money both from the prosecuting witness and the motel where she worked did not create separate offenses.

> *The facts in the case before us are similar to the facts in Sellars, but we purposely express no opinion as to the correctness of the Sellars decision that only one robbery occurred.*

305 N.C. 77, 87-88, 286 S.E. 2d 552, 558-59. (Emphasis added.)

*Hall, Ballard,* and *Sellars* left undecided the question presented by the fact situation now before us—a defendant charged with two counts of armed robbery resulting from the assault of a lone employee with property taken from both the employee and the business. In such a situation the indictments, or indictment if for multiple counts, often charge an armed robbery of the employee and a larceny of the property of the business. Here, however, there are separate indictments for armed robbery of the attendant and armed robbery of the store. Both indictments allege that "the life of Franklin Perry was endangered." It is simply a question of whether there was one armed robbery or two. The controlling factor in this situation is the existence of a single assault.

> In respect of 'armed robbery' as defined in G.S. 14-87, '[f]orce or intimidation occasioned by the use of threatened use of firearms, is the main element of the offense.' *State v. Mull,* 224 N.C. 574, 576, 31 S.E. 2d 764, 765 (1944). Accord: *State v. Sawyer,* 224 N.C. 61, 65, 29 S.E. 2d 34, 37 (1944); *State v. Lynch,* 266 N.C. 584, 586, 146 S.E. 2d 677, 679 (1966). Variance between the allegations of the indictment and the proof in respect of the ownership of the property taken is not material. *State v. Rogers,* 273 N.C. 208, 212-13, 159 S.E. 2d 525, 528-29 (1968). '[I]n an indictment for robbery the allegation of ownership of the property taken is sufficient when it negatives the idea that the accused was taking his own property.' *State v. Sawyer, supra* at 65-66, 29 S.E. 2d at 37. The gravamen of the offense is the endangering or threatening of human life by the use or threatened use of firearms or other dangerous weapons in the perpetration of or even in the attempt to perpetrate the crime of robbery.

The double-jeopardy test applicable on the present record is the 'same-evidence test,' which is alternative in character. This test is defined in *State v. Hicks*, 233 N.C. 511, 516, 64 S.E. 2d 871, 875 (1951), in opinion by Justice Ervin, as follows: 'Whether the facts alleged in the second indictment, if given in evidence, would have sustained a conviction under the first indictment [citations], or whether the same evidence would support a conviction in each case. [Citations.]'

280 N.C. 479, 485, 186 S.E. 2d 372, 375 (1972). In this case, the source or ownership of the money taken is not significant for purposes of proving that the defendant, with the threatened use of a weapon, took property to which he was not entitled. The facts alleged in the second indictment, charging defendant with armed robbery of Mr. Perry, would have sustained a conviction under the first indictment, charging him with robbery of the ABC store in the presence of Mr. Perry. *State v. Hicks*, 233 N.C. 511, 64 S.E. 2d 871. There could be no armed robbery of the ABC store here except for the presence of Mr. Perry, and an assault upon him as he was the only person present. There was only one armed robbery — defendant could not be convicted of two counts of the same crime.

Unlike *Sellars* in which there was only one count of armed robbery and the defendant was only charged with one offense, here defendant was charged with two. The defendant Beaty could lawfully have been convicted of the armed robbery of *either* the attendant or the store but not both.

On the evidence in the record before us, defendant could also have been convicted of a larceny from either Mr. Perry or the ABC store had he been so charged.

The essential elements of armed robbery are:

1. the unlawful taking or attempted taking of personal property from another;

2. the possession, use or threatened use of firearms or other dangerous weapon, implement or means; and

3. danger or threat to the life of the victim.

*State v. Joyner*, 295 N.C. 55, 243 S.E. 2d 367 (1978); G.S. § 14-87(a).

The essential elements of larceny are that the defendant:

1. took the property of another;

2. carried it away;

3. without the owner's consent; and

4. with the intent to deprive the owner of his property permanently.

*State v. Perry,* 305 N.C. 225, 287 S.E. 2d 810 (1981); *State v. Booker,* 250 N.C. 272, 108 S.E. 2d 426 (1959); G.S. § 14-72(a); N.C.P.I.-Crim. § 216.05.

For proof of armed robbery it is necessary to show the use or threatened use of a weapon but unnecessary to show asportation. For proof of larceny it is necessary to show asportation but unnecessary to show the use or threatened use of a weapon. Each crime requires proof of an additional fact which the other does not. *State v. Perry,* 305 N.C. 225, 287 S.E. 2d 810 (1981); *State v. Cameron,* 283 N.C. 191, 195 S.E. 2d 481 (1973). Armed robbery and larceny are separate crimes. Thus, while the defendant here could have been convicted of one count of armed robbery and one count of larceny, had he been so charged, he could not properly be convicted of two counts of armed robbery. Nor can the case be remanded for resentencing on a lesser included offense since this is not a case in which there is a failure of proof of the crime charged but ample proof of a lesser included offense. *See State v. Perry,* 305 N.C. 225, 287 S.E. 2d 810; *State v. Jolly,* 297 N.C. 121, 254 S.E. 2d 1 (1979). In *Smith v. Cox,* 435 F. 2d 453 (4th Cir. 1970), the defendant argued that he suffered double jeopardy on his convictions of robbery and *larceny* arising out of the same incident—theft of $51.00 from a store clerk and several hundred dollars belonging to the employer. The court held that defendant was properly convicted on both charges, pointing out that the elements necessary to prove the robbery charge differed from those necessary to prove the larceny charge. The court held that there were two separate acts, each independently constituting a crime.

Judgment must be arrested in one of the two cases. Judgment could be arrested in either. Because of the order in which the indictments were filed and because the defendant argued that

we should do so, we have elected to arrest judgment on the second indictment, Case No. 15715.

As to the judgment in Case No. 15608 (the armed robbery of the ABC store), we find no error. In Case No. 15715 (the armed robbery of Franklin Perry), the judgment must be arrested.

Case No. 15608—No error.

Case No. 15715—Judgment arrested.

Justice MARTIN took no part in the consideration or decision of this case.