STATE OF NORTH CAROLINA v. KEITH SUGGS

No. 8615SC988

(Filed 18 August 1987)

1. **Criminal Law § 34.5— evidence of other crimes—actual conviction not required**

    A defendant need not be actually convicted of prior crimes before evidence of those crimes is admitted under N.C.G.S. § 8C-1, Rule 404(b).

2. **Criminal Law § 34.5— evidence of defendant's commission of other crime—admissibility to show identity**

    In a prosecution of defendant for robbery with a dangerous weapon, the question of defendant's identity as the appliance store robber in this case was sufficiently indefinite to permit evidence of his commission of an earlier appliance store robbery under the identity exception stated in N.C.G.S. § 8C-1, Rule 404(b); furthermore, the robberies were sufficiently similar to indicate that the same person committed both crimes, and the evidence thus met the similarity threshold to the identity exception. In addition, the evidence was relevant pursuant to N.C.G.S. § 8C-1, Rule 401.

3. **Criminal Law § 66.6— pretrial photographic lineup—no suggestiveness**

    A pretrial photographic lineup was not impermissibly suggestive, since the fact that defendant's appearance was somehow distinct from the other suspects' photographs did not alone render the lineup impermissibly suggestive, and there was no indication that the procedure resulted in a very substantial likelihood of irreparable misidentification, as the witnesses could clearly see the robber under adequate lighting during a violent crime which surely commanded their attention; one witness's description of the robber afterwards accurately resembled defendant; and both witnesses chose defendant's photograph without hesitation only days after the robbery.

4. **Robbery §§ 1.2, 6— two assaults—three indictments for armed robbery—judgment arrested on one indictment**

    Although money was taken from three separate sources, a store and two employees, only two assaults occurred, and judgment is therefore arrested as to one of three indictments for armed robbery.

**5. Constitutional Law § 78; Robbery § 6.1— two counts of armed robbery—consecutive 14-year sentences not cruel and unusual**

     The imposition of consecutive 14-year sentences for two counts of armed robbery was not cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution.

APPEAL by defendant from judgment entered by *McLelland, Judge.* Judgment entered 11 February 1986 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 3 March 1987.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Wilson Hayman, for the State.*

*Daniel H. Monroe for defendant-appellant.*

GREENE, Judge.

Defendant was separately indicted on three counts of robbery with a dangerous weapon in connection with the robbery of a rental appliance store. The indictments were consolidated for trial and defendant was found guilty of all three counts and sentenced to three consecutive prison terms of 14 years each. At trial, defendant requested the court prevent the State's mention of the fact defendant was also charged with various other counts of armed robbery. The trial court denied this motion *in limine.* Defendant also moved the court suppress any evidence of his pretrial in-court identification. The court conducted a *voir dire* on this motion to suppress and denied the motion. At the close of evidence, defendant moved to dismiss certain counts for lack of sufficient evidence. The court also denied this motion. Defendant appeals.

     The State's evidence tended to show Messrs. Justice and Page, employees of a rental appliance store in Burlington, were closing the store around 6:00 p.m. one evening. A black male in the store suddenly placed a small nickel-or-silver-plated handgun at Justice's temple and ordered Page to lie down on the floor. Justice later described the man as about 5'10" in height, darkly complected, weighing approximately 165 pounds, with sunglasses and normal length hair. The man took money out of the store's cash drawer as well as money from Justice's person. The robber also took money from Page, including some store money which was in Page's possession.

Testimony showed officers exhibited six photographs to Justice and Page after the robbery: each separately selected a photograph of defendant as the robber. Justice clearly identified defendant in court as the robber. Although Page stated he had an opportunity to observe the robber's body size and shape, he testified in court he was "not absolutely sure, but [defendant] looks an awful lot like" the robber. Furthermore, the assistant manager of Video City in Burlington also testified that, ten days before the appliance store robbery, a black man wearing sunglasses and carrying a silver-plated handgun entered her store and took money from her cash register. She identified defendant in court as the same person who robbed her store on that prior occasion. Defendant did not himself testify but offered a witness who testified defendant was with her at the time of the robbery.

The issues for this Court's determination are: (1) whether the trial court properly allowed evidence of a prior robbery with which defendant was charged; (2) whether the trial court properly allowed testimony that defendant's photograph was selected from a photographic lineup; (3) whether the trial court properly denied defendant's motion to dismiss; and (4) whether defendant's sentence constituted cruel and unusual punishment.

I

At the time of trial of this matter, defendant was also charged with the prior robbery of the Video City store. A copy of a verdict sheet attached to defendant's brief indicates defendant was subsequently acquitted of those charges. Defendant moved *in limine* to prevent any use of the Video City charges against him and objected at trial to his in-court identification by the assistant manager of Video City. While defendant, among other things, raises the issue of the court's failure to conduct a *voir dire* or make findings in denying his motion, we are not required to address this issue since defendant has not made this issue the basis of any assignment of error or exception in the record. N.C.R. App. P. Rule 10(a). However, we note in any case that defendant's failure to file an affidavit with facts supporting his motion under N.C.G.S. Sec. 15A-977(a) (1983) permitted the court's summary denial of defendant's motion under Section 15A-977(c)(2). *See State v. Satterfield,* 300 N.C. 621, 625, 268 S.E. 2d 510, 513-14 (1980) (court upheld summary denial of motion under Section 15A-977(c)

where no facts presented to support general objection to results of blood test).

The State contends evidence of the prior robbery was properly admitted pursuant to N.C.G.S. Sec. 8C-1, Rule 404(b) (1986). Defendant argues evidence of the prior robbery should not have been admitted because: (A) Rule 404(b) is inapplicable where defendant has neither pleaded nor been found guilty of the prior robbery; and (B) defendant's alleged prior conduct is inadmissible under Rule 404(b) as well as otherwise irrelevant and prejudicial.

A

[1]  Rule 404(b) states in relevant part:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, *identity*, or absence of mistake, entrapment or accident. [Emphasis added.]

Since the scope of Rule 404(b) includes "wrongs or acts," the Rule does not on its face require such extrinsic acts result in criminal liability. Furthermore, in *State v. Morgan*, 315 N.C. 626, 340 S.E. 2d 84 (1986), our Supreme Court impliedly addressed the issue whether a defendant must be actually convicted of prior crimes before evidence of those crimes is admitted under Rule 404(b). In *Morgan*, defendant was asked on cross-examination if he had assaulted two other people with a deadly weapon. There was no evidence defendant had been found guilty of those charges. The State argued the cross-examination was permissible under Rule 404(b). The Court stated:

> For purposes of this discussion, *we shall assume that defendant was not convicted of either alleged previous assault.* Thus, this exchange informed the jury that defendant . . . *may* have pointed a shotgun at two men other than [the deceased] within three months of the [date] when similar conduct resulted in [the deceased's] death and defendant's arrest therefor.

315 N.C. at 632, 340 S.E. 2d at 88-89 (emphasis added). Since the *Morgan* Court applied Rule 404(b) despite assuming defendant

was not convicted of the other crimes, we conclude conviction of other crimes is not a prerequisite to their admissibility under Rule 404(b). *See also* 2 Weinstein and Berger, Weinstein's Evidence Par. 404[08] at 57 (1985) (under F. R. Evid. 404(b), conduct need not be criminal or unlawful if it sheds light on defendant's character and relevant to something other than criminal propensity). Consequently, the trial court did not abuse its discretion under N.C.G.S. Sec. 8C-1, Rule 104(a) (1986) in admitting evidence pursuant to Rule 404(b) of the similar Video City robbery with which defendant had been charged, but not convicted.

B

[2]   Defendant next argues evidence of the Video City robbery was inadmissible under Rule 404(b) as an impermissible attempt to introduce evidence of a crime separate and distinct from the crime charged. It was well established in North Carolina long before the adoption of Rule 404(b) that "the State may not offer proof of another crime independent of and distinct from the crime for which defendant is being prosecuted even though the separate offense is of the same nature as the charged crime." *State v. Williams*, 303 N.C. 507, 513, 279 S.E. 2d 592, 596 (1981) (quoting *State v. Humphrey*, 283 N.C. 570, 572, 196 S.E. 2d 516, 518, *cert. denied*, 414 U.S. 1042 (1973) ); *see also State v. McClain*, 240 N.C. 171, 173, 81 S.E. 2d 364, 365 (1954). However, the *McClain* Court also described an "identity" exception to this rule as follows:

> Where the accused is not definitely identified as the perpetrator of the crime charged and the circumstances tend to show that the crime charged in another offense was committed by the same person, evidence that the accused committed the other offense is admissible to identify him as the perpetrator of the crime charged.

240 N.C. at 175, 81 S.E. 2d at 367. This identity exception is now explicitly part of Rule 404(b). In *State v. Moore*, 309 N.C. 102, 106, 305 S.E. 2d 542, 545 (1983), our Supreme Court further stated that, before this exception is relevant, "there must be some unusual facts present in both crimes or particularly similar acts which would indicate that the same person committed both crimes."

The identity of the appliance store robber was clearly at issue in this case. Although Justice identified defendant as the

robber, Page testified he was not "absolutely" sure. Defendant argued his in-court identification was tainted by an allegedly impermissible photographic lineup. Defendant further argued none of the eyewitnesses had sufficient opportunity to view the robber since they lay face down on the floor during a significant portion of the robbery. Therefore, we conclude the question of defendant's identity as the appliance store robber in this case was sufficiently indefinite to permit evidence of his commission of the earlier Video City robbery under the identity exception stated in Rule 404(b).

We also find sufficient similarities between the appliance store and Video City robberies to comply with the *Moore* Court's similarity threshold to the identity exception. Both crimes were armed robberies of retail stores. In both instances, the perpetrator wore dark sunglasses, carried a brightly-plated gun and subdued the store clerks before taking money from the cash register. Prior to each robbery, the robber first came into the store and walked around looking at merchandise. Both attacks occurred in Burlington within a ten day period. The robberies of the two stores were thus sufficiently similar to indicate the same person committed both crimes; therefore, evidence of the Video City robbery falls within the identity exception to Rule 404(b). *See Moore,* 309 N.C. at 106, 305 S.E. 2d at 545.

We next determine if the evidence of the Video City robbery was relevant under N.C.G.S. Sec. 8C-1, Rule 401 (1986) which provides:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

In *State v. Weaver,* 318 N.C. 400, 403, 348 S.E. 2d 791, 793 (1986), the Supreme Court noted that "evidence of other offenses is admissible so long as it is relevant to any fact or issue other than the character of the accused." The fact of defendant's identity as the appliance store robber is clearly of consequence to the determination of this action. Since defendant's alleged participation in the Video City robbery tends to prove or disprove his identity as the appliance store robber, evidence of the other robbery is thus relevant under Rule 401.

Even if evidence of the Video City robbery is permitted under Rule 404(b) and is relevant under Rule 401, the evidence may nevertheless be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice . . . ." N.C.G.S. Sec. 8C-1, Rule 403 (1986). We are satisfied the probative force of the Video City robbery evidence substantially outweighed any potential such evidence unfairly prejudiced defendant. The evidence was highly probative of the identity of the appliance store robber which in turn was the only disputed issue at trial.

II

[3] In compliance with N.C.G.S. Sec. 15A-977(a) (1983), defendant moved to suppress evidence of a pre-trial photographic lineup at which both Justice and Page selected defendant as the appliance store robber. Defendant argues the trial court erroneously allowed such testimony since defendant contends the photographic array was impermissibly suggestive. *See State v. Watson*, 294 N.C. 159, 162, 240 S.E. 2d 440, 443 (1978) (evidence of out-of-court identification inadmissible if pre-trial confrontation procedures are impermissibly suggestive). Defendant argues he did not resemble either the composite drawing used to assemble the lineup or the other lineup suspects (whose facial hair in turn conflicted with statements the appliance store robber was clean shaven).

Viewing the photographic array supplied by defendant in light of the other *voir dire* evidence, we conclude this photographic lineup was not impermissibly suggestive. That defendant's appearance was somehow distinct from the other suspects' photographs did not alone render the lineup impermissibly suggestive. *See State v. Freeman*, 313 N.C. 539, 545, 330 S.E. 2d 465, 471 (1985). More important, "even though a pre-trial identification procedure may be suggestive, it will be *impermissibly* suggestive only if all the circumstances indicate that the procedure resulted in a very substantial likelihood of irreparable misidentification." *State v. Lyszaz*, 314 N.C. 256, 264, 333 S.E. 2d 288, 294 (1985) (emphasis added). The *Lyszaz* Court stated the factors to be considered included: 1) The opportunity of the witness to view the criminal at the time of the crime; 2) the witness's degree of attention; 3) the accuracy of the witness's prior description of the criminal; 4) the level of certainty demonstrated by the witness at

the confrontation; and 5) the length of time between the crime and the confrontation. *Id.*

Examining the record and briefs in light of the *Lyszaz* factors reveals both eyewitnesses could clearly see the robber under adequate lighting during a violent crime which surely commanded their complete attention. Justice's description of the robber afterwards accurately resembled defendant. Both Justice and Page chose defendant's photograph without hesitation only days after the robbery. *Cf. Freeman*, 313 N.C. at 543-45, 330 S.E. 2d at 471 (similar evidence held to satisfy same factors when used to determine whether pretrial lineup tainted in-court identification). As these factors do not indicate a very substantial likelihood of irreparable misidentification under *Lyszaz*, we conclude the trial court properly denied defendant's motion to suppress evidence of this photographic array.

We note our conclusion the photographic lineup was not impermissibly suggestive moots defendant's additional contention the suggestiveness of the lineup later tainted the eyewitnesses' in-court identification. While defendant also assigns error to the court's failure to make findings of fact regarding the legitimacy of this photographic array, the court was not obligated to make such findings under Section 15A-977(c), (f) since there was no material conflict in the evidence at the *voir dire. See State v. Phillips*, 300 N.C. 678, 685, 268 S.E. 2d 452, 457 (1980). The necessary findings are implied from the admission of the challenged evidence. *Id.*

III

**[4]** Arguing he could not be convicted of the armed robbery of both the appliance store and of each employee, defendant next contends the trial court erred in denying his motion to dismiss at least two of the three armed robbery counts for lack of sufficient evidence. Defendant was charged with three counts of robbery with a dangerous weapon by three separate indictments which respectively alleged: 1) the theft of currency from the appliance store in the presence of Justice and Page; 2) the theft of currency from the person of Justice; and 3) the theft of a wallet, currency and credit cards from the person of Page.

In *State v. Beaty*, 306 N.C. 491, 496, 293 S.E. 2d 760, 764 (1982), our Supreme Court stated:

In order to sustain the conviction and sentence at one trial for multiple offenses arising out of a single criminal incident, each offense must rest on different necessary elements. The test is '[w]hether the facts alleged in the second indictment, if given in evidence, would have sustained a conviction under the first indictment' or 'whether the same evidence would support a conviction in each case.' *State v. Hicks*, 233 N.C. 511, 516, 64 S.E. 2d 871, 875 (1951).

In *Beaty*, there were two indictments for armed robbery arising out of the assault of a single employee, during which assault property was taken from both the employee and the business. The *Beaty* Court stated that, "[t]he controlling factor in this situation is the existence of a single assault," not the two sources (the store and the employee) from which the money was taken. *Id.* at 499-500, 293 S.E. 2d at 766. The fact there were two indictments was deemed irrelevant. The Court therefore concluded only one armed robbery had occurred.

In the instant case, there were three separate armed robbery indictments; however, although money was taken from three separate sources (the store and each of the two employees), the "controlling factor" under *Beaty* is that only two assaults (of the two employees) occurred. Since the facts charging defendant with armed robbery of the appliance store would also sustain a conviction for armed robbery of either store employee, the robbery of the store and of *both* employees under these circumstances resulted in only two armed robberies.

Judgment must thus be arrested as to one of the three indictments. Defendant received an identical 14-year term for each of the three convictions. Since judgment may be arrested as to any of the three, *see Beaty*, 306 N.C. at 501, 293 S.E. 2d at 767, we have elected to arrest judgment on the indictment alleging armed robbery from the person of James Gordon Page, Case No. 85CRS16070.

## IV

[5] Defendant's final argument is that his total sentence of 42 years of imprisonment for three armed robberies is cruel and unusual punishment prohibited by both the State and Federal Constitutions. Since we have above arrested one conviction, we

note defendant's two remaining consecutive sentences now total 28 years.

The trial court's sentence of 14 years on each armed robbery count constitutes the minimum and presumptive sentence under N.C.G.S. Sec. 14-87(d) (1986). *State v. Crain*, 73 N.C. App. 269, 272, 326 S.E. 2d 120, 123 (1985). Our courts have consistently held a sentence within the statutory maximum is not unconstitutionally cruel and unusual unless the punishment provisions of the statute itself are unconstitutional. *E.g.*, *State v. Legette*, 292 N.C. 44, 57, 231 S.E. 2d 896, 904 (1977) (holding prior imprisonment under Section 14-87 of five years to life was constitutionally valid). The imposition of consecutive sentences, each of which constitutes the statutory minimum, cannot alone constitute cruel and unusual punishment. *See State v. Handsome*, 300 N.C. 313, 317, 266 S.E. 2d 670, 674 (1980) (upholding consecutive sentences within statutory limits for offenses including armed robbery); *see also State v. Ysaguire*, 309 N.C. 780, 785, 309 S.E. 2d 436, 440 (1983) (upholding consecutive life terms for sexual assault, burglary and robbery).

As defendant contends, the Eighth Amendment also requires "a criminal sentence . . . be proportionate to the crime for which the defendant has been convicted." *Ysaguire*, 309 N.C. at 786, 309 S.E. 2d at 440 (quoting *Solem v. Helm*, 463 U.S. 277, 290 (1983)). Stating sentences in non-capital cases would be found constitutionally disproportionate only in "exceedingly unusual" cases, *id.* at 786, 309 S.E. 2d at 441, the *Ysaguire* Court's analysis emphasized comparing the sentence imposed to: 1) the gravity of the offense; and 2) other sentences imposed in this State for the same offense. *Id.* at 787, 309 S.E. 2d at 441; *see generally Solem*, 463 U.S. at 290-91.

The *Ysaguire* Court characterized armed robbery as one "of the most serious crimes recognized by our statutes." 309 N.C. at 787, 309 S.E. 2d at 441. In analyzing the gravity of an offense for purposes of determining proportionate sentencing, the *Solem* Court recognized that "non-violent crimes are less serious than crimes marked by violence or the threat of violence." 463 U.S. at 292-93. In view of the "substantial deference that must be accorded legislatures and sentencing courts," *id.* at 290 n.16, the presumptive minimum sentence of 14 years for armed robbery is certainly not so "grossly disproportionate [to the gravity of the

offense] as to violate Eighth Amendment proscriptions of cruel and unusual punishment." *Ysaguire*, 309 N.C. at 786, 309 S.E. 2d at 440. Furthermore, since the sentence defendant received was the minimum and presumptive sentence under Section 14-87(d), that sentence can hardly be grossly disproportionate to other sentences imposed in this State pursuant to the same armed robbery statute. *Cf. Ysaguire*, 309 N.C. at 787, 309 S.E. 2d at 441 (consecutive sentences for rape not unusual in North Carolina).

Accordingly, we hold the imposition of consecutive 14-year sentences for two counts of armed robbery does not violate the proscriptions of the Eighth Amendment.

V

As to Case No. 85CRS16070 (armed robbery of Page), the judgment must be arrested. In Case No. 85CRS16068 and Case No. 85CRS16069 (armed robbery of the appliance store and Justice, respectively), we find no error.

No error.

Judges ARNOLD and MARTIN concur.