State v. Russell

---

STATE OF NORTH CAROLINA v. KENDALL DALE RUSSELL

No. 8820SC234

(Filed 18 October 1988)

**Criminal Law § 86.3— cross-examination concerning prior escape attempt—no error**

The trial court did not abuse its discretion in a prosecution for first degree sexual offense by allowing further questioning of defendant regarding a prior escape where defendant's arrest record did not reflect a conviction and the court had instructed the jury to disregard earlier testimony concerning any conviction for escape. The additional inquiry did not challenge defendant's denial of the escape conviction; rather, it had the effect of clarifying defendant's prior response.

APPEAL by defendant from *Davis (James C.), Judge.* Judgment entered 26 August 1987 in Superior Court, STANLY County. Heard in the Court of Appeals 8 September 1988.

On 23 March 1987 and 1 June 1987, defendant was indicted in separate bills of indictment for first degree sex offense with two children under the age of thirteen. Defendant entered pleas of not guilty. On 26 August 1987 he was convicted on both indictments and sentenced to two consecutive life terms. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General William F. Briley, for the State.*

*Fred Stokes for defendant-appellant.*

SMITH, Judge.

Defendant brings forth as his sole assignment of error the trial court's ruling allowing the State to cross-examine defendant, over objection, about defendant's alleged 1986 escape from the North Carolina Department of Correction. Specifically, he contends that the court should not have allowed the State to question defendant about an alleged escape in that defendant had previously denied on cross-examination being convicted of escape. Defendant contends the subsequent questioning about the escape was improper and prejudicial because the State was bound by defendant's denial. We disagree.

During the course of the cross-examination of defendant, the following exchanges took place.

Q. And it was from the prison in Mecklenburg County that you escaped back in 1986?

MR. STOKES: Object to that.

COURT: As to the form of the question as to whether or not he was convicted of it you may ask him that.

Q. Were you convicted of escaping from prison in Mecklenburg County on or about the 23rd of October 1986?

A. No ma'm; I wasn't. They got me for authorized leave.

Q. You were convicted of unauthorized leave?

A. Yes.

After a bench conference out of hearing of the jury, the court determined that the State's question regarding defendant's con-

viction for escape was improper because defendant's arrest record did not reflect a conviction. The court then instructed the jury to disregard the testimony concerning any conviction for escape. The State continued:

Q. Did you in fact escape from the North Carolina Department of Corrections?

MR. STOKES: Object.

COURT: Overruled. . . . EXCEPTION NO. 2

A. You mean at the prison?

COURT: The question is simply whether or not you escaped from the Department of Corrections.

A. Yes I did.

A similar issue was addressed in *State v. Beaty*, 306 N.C. 491, 293 S.E. 2d 760 (1982), in which the defendant, on trial for armed robbery, was cross-examined about other robberies. When the defendant persistently denied involvement in the robberies, the district attorney confronted the defendant with prior inculpatory statements regarding the other robberies. At that time, the defendant volunteered the information contained in the statements. The Supreme Court stated that

'[a] witness's denial of a conviction or of specific degrading conduct does not per se preclude further cross-examination with reference to these matters. . . . [I]t is for the trial judge to say how far the State may go "in sifting" the witness who denies the commission of the acts about which he is cross-examined. The scope of such cross-examination is subject to his discretion.'

*Id.* at 494-95, 293 S.E. 2d at 763, *quoting State v. Garrison*, 294 N.C. 270, 278-79, 240 S.E. 2d 377, 382 (1978) (citation omitted).

In light of *Beaty*, the trial court in the instant case did not abuse its discretion in allowing further questioning of defendant regarding his escape. The State's additional inquiry did not challenge defendant's denial of an escape conviction; rather, it had the effect of clarifying defendant's prior response.

State v. Russell

Apparently the trial judge allowed the additional cross-examination of defendant under our evidentiary practice as was in effect prior to the enactment of the North Carolina Rules of Evidence. The old practice allowed cross-examination as to prior bad acts or misconduct as long as the examining attorney had a good faith basis for the questions. *See State v. Morgan,* 315 N.C. 626, 340 S.E. 2d 84 (1986). Under the present rule, G.S. 8C-1, Rule 608(b), specific instances of conduct are admissible only to attack or support a witness's credibility or truthfulness. However, defendant does not contend the evidence was inadmissible under G.S. 8C-1, Rule 608(b) and we do not specifically address this issue. However, we are of the opinion that even if the challenged testimony had been admitted into evidence, over defendant's objection under Rule 608(b), such admission would have constituted harmless error.

For the foregoing reasons, we find

No error.

Judges ORR and GREENE concur.