STATE OF NORTH CAROLINA v. CHARLES W. BRITT, JR.

No. 703SC270

(Filed 27 May 1970)

1. **Constitutional Law §§ 20, 30— denial of free transcript of prior trial**

   In this homicide prosecution, indigent defendant was not denied a basic essential of his defense at his second trial by the trial court's denial of his motion that he be provided a free transcript of the evidence presented at his first trial, which ended in a mistrial, where defendant does not allege that the court reporter who took the evidence at the first trial was not available to him as a witness, the second trial occurred only a month after the first, he was represented at both trials by the same attorneys, and there was no argument by the solicitor relating to discrepancies in the testimony.

2. **Criminal Law § 60; Homicide § 20— fingerprints found on murder weapon**

   In this homicide prosecution, the trial court did not err in the denial of defendant's motion *in limine* that the State be prohibited from introducing evidence of defendant's fingerprints found on the butcher knife used to stab the deceased, the knife having been found in the home of deceased after her death and the evidence being competent.

**3. Criminal Law § 60; Homicide § 20— fingerprints found on murder weapon**

In this homicide prosecution, evidence that defendant's fingerprint was found on the knife used to stab deceased was competent to corroborate testimony by a State's witness that defendant had used the knife in stabbing deceased in the back, notwithstanding defendant was shown to have been at the crime scene earlier that day and there was an unidentifiable fingerprint on the knife.

**4. Criminal Law § 112; Homicide § 24— instructions on presumptions and burden of proof**

In this homicide prosecution, the trial court did not err in failing to give the jury specific instructions as to the importance of the presumption of innocence, the manner in which the jury should consider inferences, or that each juror must decide the case upon his own opinion of the evidence, where defendant made no written request for instructions on any particular phase of the case, and the court properly charged that defendant was presumed to be innocent and that the State had the burden of proving defendant's guilt beyond a reasonable doubt.

**5. Homicide § 21— first degree murder — sufficiency of evidence**

In this first degree murder prosecution, the trial court did not err in the denial of defendant's motion for nonsuit where the State's evidence tended to show that defendant killed deceased by stabbing her in the back with a knife and beating her with an iron poker and a frying pan.

APPEAL by defendant from *Fountain, J.,* 18 December 1969 Session of Superior Court held in CRAVEN County.

The defendant was tried upon a bill of indictment charging him with murder in the first degree of Janie Banks.

The evidence for the State tended to show that the defendant went to the home of Janie Banks on 24 March 1969 and stabbed her in the back with a knife. Then "(h)e threw the knife down on the floor and put his arm around her mouth so she couldn't holler, and grabbed an iron poker beside the heater. He beat her in the back and across the shoulder and beat her down to the floor. Then he went out of the front room toward the kitchen and came back in with this frying pan here. Just as he got back in the front room, she had started to get up; she was trying to make it up off the floor. He started beating her with the frying pan. He beat her until he beat her brains out." Thereafter, the defendant ransacked the house before leaving. The defendant offered no evidence.

The defendant, an indigent, was represented at the November 1969 trial, at the December 1969 trial, and on this appeal by the same two attorneys who were appointed on 3 June 1969 to represent him.

The first trial ended in a mistrial on 14 November 1969 when the jury could not agree on a verdict.

The second trial ended on 18 December 1969 after the jury had found the defendant guilty of murder in the second degree and the court had sentenced him to the State Prison for a term of thirty years.

Defendant, in apt time, gave notice of appeal.

*Attorney General Morgan and Staff Attorney Denson for the State.*

*Robert G. Bowers and E. Lamar Sledge for the defendant appellant.*

MALLARD, C.J.

On this record, the defendant entered 89 exceptions. In his assignments of error, he refers to only 26 of them. The other 63 are deemed abandoned. Rule 28 of the Rules of Practice in the Court of Appeals. These 26 exceptions are considered under the five questions presented on this appeal.

**[1]**    1. Defendant asserts that the trial judge committed error in refusing to order that the defendant be furnished with a transcript of the first trial. The only reason asserted by the defendant in his motion for a transcript was that because a non-indigent defendant could purchase a transcript, that he, an indigent, was entitled to a transcript of the evidence and testimony given at the first trial which resulted in a mistrial. He does not allege that the court reporter who took the evidence at the first trial was not available to him as a witness. He was represented at both trials by the same lawyers. *Forsberg v. United States,* 351 F. 2d 242 (9th Cir. 1965). The second trial took place about a month after the first trial. There was no showing that the cross-examination by the defendant of the State's witnesses was restricted in any way. There was no argument by the solicitor relating to discrepancies in the testimony as there was in *United States ex rel. Wilson v. McMann,* 408 F. 2d 896 (2d Cir. 1969). The defendant had the right to use the court reporter if there was a conflict in the State's testimony. We think that the cases cited by the defendant in support of his contentions are distinguishable.

In the case of *Nickens v. United States,* 323 F. 2d 808 (1963), *cert. den.,* 379 U.S. 905, 13 L. Ed. 2d 178, 85 S. Ct. 198 (1964), the Court said:

"There is no absolute right to have the transcript of a prior trial against the contingency, now urged, that some witness at the second trial may give inconsistent testimony. Any inconsistency in testimony arising at the second trial could readily be dealt with by calling the reporter of the prior trial to read the earlier testimony. Appellant had the same counsel at both trials. The District Court did not abuse its discretion in denying appellant's bare demand for a transcript in these circumstances."

We are of the opinion and so hold that the factual situation here does not reveal such a need for the transcript of the evidence at the first trial that the denial thereof was a deprivation of a basic essential of the defendant's defense. *State v. Keel,* 5 N.C. App. 330, 168 S.E. 2d 465 (1969).

**[2]**    2. Defendant asserts that the trial judge committed error in refusing to instruct the prosecution as requested in his motion *in limine.* By this preliminary motion, the defendant sought to prohibit the introduction of evidence of the defendant's fingerprint. The defendant's fingerprints were found on the butcher knife used to stab the deceased. The butcher knife was found in the home of the deceased after her death. We think that this evidence was competent, and, therefore, the denial of defendant's motion was proper.

**[3]**    3. Defendant contends that the trial court committed error in admitting the fingerprint evidence (1) because the defendant was shown to have been at the scene of the crime earlier that day and (2) there was at least one fingerprint on the knife which was unidentifiable. The cases cited by defendant in support of this contention are distinguishable. We hold that the fingerprint evidence was competent. It tended to corroborate the testimony of the State's witness that the defendant had used the knife in stabbing the deceased in the back.

**[4]**    4. The defendant contends that the trial court committed error by failing to instruct the jury that "each must decide the case upon his own opinion of the evidence, that the defendant was entitled to every inference in his favor and that where there were two inferences one consistent with innocence and one inconsistent, the defendant is entitled to the inference which is consistent with innocence; and as to the importance of the presumption of innocence under our law." The defendant made no written request for instructions on any particular phase of the case. The court properly charged that the defendant was presumed to be innocent and that "(t)he burden of proof is upon the State to satisfy you on the evidence and beyond a reasonable doubt of the defendant's guilt." Thus, the court properly re-

quired that in order to convict, the State must prove the defendant guilty from the evidence and beyond a reasonable doubt. We hold that no error is made to appear in the charge of the court to the jury.

**[5]**     5. The defendant contends that the trial court committed error in failing to allow his motion for nonsuit. There was ample evidence of the defendant's guilt to require the submission of the case to the jury. The exceptions to the denial of the motion for judgment as of nonsuit cannot be sustained.

In the trial we find no error.

No error.

MORRIS and GRAHAM, JJ., concur.