STATE OF NORTH CAROLINA v. DARRYL KEITH GIBBS

No. 7528SC960

(Filed 16 June 1976)

1. Constitutional Law §§ 20, 30; Criminal Law § 40— former trial — denial of free transcript — alternative available

The trial court did not err in denying the indigent defendant's motion for a free transcript of his first trial which ended in a mistrial, since the first trial took place only one month before the second trial, the same court reporter who took evidence at the first trial also was assigned to the second trial, and defense counsel's memory and availability of the court reporter to testify served as an alternative substantially equivalent to a transcript.

2. Criminal Law § 26; Robbery § 2— robbery of two people in one store — two distinct offenses

The trial court did not err in ruling that the acts of defendant in robbing two people in a store constituted two separate and distinct offenses of armed robbery, since there were two victims, one of

whom was robbed of her purse and the other who was forced to turn over the corporation's money.

**3. Criminal Law § 66— in-court identification of defendant — no taint from out-of-court confrontation**

Where both witnesses to an armed robbery knew the defendant prior to the commission of the crime and had concluded prior to the questioned identification procedures that the defendant was one of the perpetrators of the crime, the subsequent in-court identification of defendant was not tainted by the out-of-court confrontation between the witnesses and defendant.

**4. Criminal Law § 75— confession — voluntariness**

The trial court in an armed robbery case properly allowed into evidence defendant's statements and confessions where the court concluded on voir dire that there was no offer or hope of reward or inducement to defendant to make a statement, defendant was not threatened, his statement was voluntary, and defendant voluntarily waived his rights.

APPEAL by defendant from *Ferrell, Judge*. Judgment entered 21 August 1975 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 15 March 1976.

The defendant was charged in a bill of indictment, proper in form, with armed robbery.

Evidence for the State tended to show the following. On 6 May 1975, William Hamlin and Gail Martin were employed at the Ice Service Store in Asheville. At 11:05 that night defendant and another man carrying a gun came to the door of the store and motioned to be let in. Miss Martin let them in, and the man with the gun forced Hamlin to lie on the floor. Defendant threatened Miss Martin with a knife and forced her to go to a back room at which point he took her pocketbook. He forced her to tell him where the money could be found and they returned to the front of the store. The robbers left with Miss Martin's purse and approximately $325.00 in cash. After defendant was arrested, he confessed that he took part in the robbery.

Defendant offered evidence tending to show that at the time of the robbery he was at the home of Ann Lewis.

The jury returned a verdict of guilty of robbery with a dangerous weapon and defendant appeals from judgment entered upon the verdict imposing a sentence of imprisonment.

*Attorney General Edmisten, by Associate Attorney James Wallace, Jr., for the State.*

*J. Robert Hufstader, for defendant.*

MARTIN, Judge.

[1] Defendant was first tried on these charges at the July 1975 Criminal Session of the Superior Court of Buncombe County. This trial resulted in a mistrial due to the inability of the jurors to agree upon a verdict. After this mistrial the defendant, an indigent, filed a motion requesting that he be provided, at public expense, a transcript of the evidence presented at the earlier trial. Defendant contends that he should have been provided with a free transcript of his first trial so that it could be used to impeach witnesses at the present trial by calling attention to conflicts in their testimony at the two trials. Defendant further contends that the transcript was essential to the preparation and defense in the retrial and that the testimony of William Hamlin and Gail Martin is important due to possible changes and embellishments in their testimony. We disagree with defendant's contentions.

In *Britt v. North Carolina,* 404 U.S. 226, 30 L.Ed. 2d 400, 92 S.Ct. 431 (1971), *aff'g State v. Britt,* 8 N.C. App. 262, 174 S.E. 2d 69 (1970), the United States Supreme Court upheld this Court's decision denying a defendant's request for a free transcript. In *Britt,* the Court decided that in those particular circumstances an adequate alternative to the transcript was available. Such alternatives existed in the instant case. Accordingly, the transcript was not needed for an effective defense.

In his brief counsel for defendant acknowledged that the court reporter who took the evidence at the first trial was regularly assigned to that court and was assigned to report the second trial. The reporter was available to defendant as a witness. Any suspected inconsistencies in the prosecution's evidence could have been developed by counsel's calling the reporter as a witness and having him read testimony from the earlier trial.

While the trials were not heard by the same judge, defendant was represented by the same counsel at both trials. Further, the two trials were less than a month apart. It would appear that the memory of defendant and his counsel, combined with

the availability of the court reporter as a witness, furnished an adequate substitute for a transcript. See *Britt, supra.* Also see *State v. Keel,* 5 N.C. App. 330, 168 S.E. 2d 465 (1969) (defendant's request for a free transcript was denied where the record indicated that both the judge and court reporter were different in each trial.)

The record does not disclose discrepancies in the testimony of either Hamlin or Miss Martin which defendant sought to contradict. The witnesses admitted testifying in the first trial. We find no instances nor do counsel suggest in their brief any instances when the witnesses were questioned as to any discrepancy of testimony material to the defense. It appears from the questioning that counsel's memory from and notes taken at the former trial served as an alternative substantially equivalent to a transcript. This assignment of error is overruled.

[2] In his second assignment of error defendant contends that the court erred in ruling that the acts of defendant constituted two separate and distinct offenses of armed robbery. This contention is without merit. In the case at bar there were two distinct victims and property was taken from two separate owners. Miss Martin was robbed of her purse, and Mr. Hamlin was forced to turn over the corporation's money. Following the law and reasoning set forth in *State v. Johnson,* 23 N.C. App. 52, 208 S.E. 2d 206 (1974), it is clear that the acts constituted two separate offenses of armed robbery. It is noted that defendant concedes that the cases were consolidated for judgment and the punishment did not exceed that for one offense of armed robbery.

[3] In his third assignment of error defendant contends that his in-court identification by Hamlin and Martin was based on unnecessarily suggestive pretrial identification procedures which violated due process. He argues that the identification testimony of these witnesses was erroneously admitted.

It is well established that the primary illegality of an out-of-court identification will render inadmissible the in-court identification unless it is first determined on voir dire that the in-court identification is of independent origin. *State v. Henderson,* 285 N.C. 1, 203 S.E. 2d 10 (1974).

In the instant case, upon objection and motion to suppress the identification testimony, the trial judge excused the jury

and conducted a voir dire hearing. At the conclusion of the hearing the judge found the facts, based on competent evidence, from which he concluded:

"That the in-court identification of the defendant Gibbs is of independent origin based solely on what the witness saw and heard at the time of the alleged crime and does not result from any out-of-court confrontation or from any photograph or from any pretrial identification procedures suggestive or conducive to mistaken identification.

5. The confrontation was not so unnecessarily suggestive or conducive to lead to irreparable mistaken identification to the extent that the defendant would be denied due process of law."

The court therefore denied the defendant's motion to suppress the evidence and testimony of said Martin and Hamlin.

In *State v. Tuggle*, 284 N.C. 515, 520, 201 S.E. 2d 884, 887 (1974), the Court stated the rule governing voir dire hearings when identification testimony is challenged, to wit:

"When the admissibility of in-court identification testimony is challenged on the ground it is tainted by out-of-court identification(s) made under constitutionally impermissible circumstances, the trial judge must make findings as to the background facts to determine whether the proffered testimony meets the test of admissibility. When the facts so found are supported by competent evidence, they are conclusive on appellate courts. (Citations omitted.)"

The evidence at the voir dire shows that both witnesses knew the defendant prior to the commission of the crime and had concluded prior to the question identification procedures that the defendant was one of the perpetrators of the crime. Accordingly, the in-court identification of defendant was not tainted by the out-of-court confrontation and the trial judge correctly overruled defendant's objection and motion to suppress.

[4] Defendant's fourth assignment of error relates to the action of the court in overruling defendant's motion to suppress defendant's statements and confessions.

Defendant was arrested on 8 May 1975 and at 1:55 p.m. he was advised of his constitutional rights by deputy Jerry Jones. Jones then stated to defendant that there would be two armed robbery charges against him, one for robbing the store of $325 and one for robbing Miss Martin of her pocketbook. Jones stated that "if the defendant gave him information regarding the pocketbook, such as its whereabouts, the second warrant might not be issued." Defendant made no statement at this time. At 2:42 p.m. two warrants were served on defendant and a few minutes later he said that he wanted to make a statement and that his bond was too high. Jones told him that an attorney would be appointed for him and could seek a bond reduction. Defendant "asked about the two charges of armed robbery" and Jones told him, "it would be up to the district attorney and judges and his lawyer to confer regarding any lesser charges." Defendant then made his confession.

On voir dire the court made extensive findings on competent evidence from which it concluded:

"1. That there was no offer or hope of reward or inducement to the defendant to make a statement.

2. That there was no threat or suggested violence or show of violence to persuade or induce the defendant to make a statement.

3. That any statement made by the defendant to Jerry Jones on May 8, 1975, was made voluntarily, knowingly, and independently.

4. That the defendant was in full understanding of his constitutional rights to remain silent and rights to counsel and all other rights.

5. That he purposely, freely, knowingly, and voluntarily waived each of those rights, specifically the right to the advice and assistance of counsel, and thereupon thereafter made a statement to Deputy Sheriff Jerry Jones which was reduced to writing, State's Exhibit No. 3.

Therefore, the Court rules that State's Exhibit No. 3, the statement of the defendant, was voluntary and is therefore admissible on the trial of this cause. Therefore, the defendant's motion to suppress the voluntary statement is denied."

This assignment of error is overruled.

Defendant's remaining assignments of error are without merit and are overruled.

Defendant had a fair trial free of prejudicial error.

No error.

Chief Judge BROCK and Judge VAUGHN concur.