STATE OF NORTH CAROLINA v. GERALD LYNN WILSON

No. 8428SC316

(Filed 5 February 1985)

**Constitutional Law § 31— transcript of former trial—denial of defendant's motion —granting State's motion—error**

The trial court committed prejudicial error in allowing the State to have the defendant's alibi witness's testimony in defendant's second trial transcribed while at the same time refusing to furnish defendant a transcript of the prosecuting witness's testimony from the same trial, since the prosecution and defendant both wanted the transcriptions for the purpose of impeaching the other's witness; both had the same alternatives to the actual transcription of the testimony available to them; and it was fundamentally unfair to allow the State to have its desired testimony transcribed and to force the defendant alone to seek other alternatives.

APPEAL by defendant from *Howell, Judge*. Judgment entered 2 September 1983 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 7 January 1985.

*Attorney General Rufus L. Edmisten by Associate Attorney J. Allen Jernigan for the State.*

*Assistant Public Defender Lawrence C. Stoker and Albert L. Williams, II, for defendant appellant.*

COZORT, Judge.

Gerald Lynn Wilson was arrested on 19 August 1982 and charged with common law robbery. The first two trials on the matter were declared mistrials when the jury was unable to reach a unanimous verdict. In his third trial for the alleged offense, the defendant was convicted. The defendant's major assignments of error on appeal concern: (1) the refusal of the trial judge to furnish the defendant a complete transcript of the second trial; and (2) the trial judge's refusal to allow the defendant to transcribe a portion of the testimony from the second trial, as he had allowed the State. For reasons stated below, we order a new trial.

The defendant's first trial began on 9 February 1983. When the jury was unable to reach a unanimous verdict, Judge Ronald W. Howell declared a mistrial and ordered the case recalendared. Before the case was tried a second time, the defendant's

attorney, Robert L. Harrell, withdrew from the case and Lawrence C. Stoker, Assistant Public Defender, was assigned to represent the defendant. The defendant requested and received a transcript of the first trial.

On 24 August 1983, the second trial of the case, again before Judge Howell, resulted in a mistrial. The defendant again moved to obtain a transcript of the second trial. However, this motion was denied by the trial court on the basis that there was no substantial variation between the second trial and the first trial of which the defendant already had a transcript.

On 31 August 1983, a third trial on the matter began. The State's evidence tended to show, as in the two previous trials, that the defendant ran up behind Deborah Hunter, snatched her purse, and ran down the street. The defendant presented the testimony of Deborah Reed to support an alibi defense that the defendant was with her at the time of the alleged crime.

In the rebuttal portion of the third trial, the State offered two additional witnesses and moved to have a portion of Deborah Reed's testimony in the second trial transcribed. Over the defendant's objection, the trial court recessed and ordered the court reporter to prepare a portion of Deborah Reed's testimony for the State. The State was allowed to introduce Reed's transcribed testimony into evidence and to read a portion of it to the jury. The defendant renewed his motion for a complete transcript of the second trial which was denied. The defendant thereafter requested a transcript of the testimony of Deborah Hunter, the prosecuting witness, from the second trial for the purpose of showing inconsistencies in her testimony. This motion was also denied.

The jury failed to reach a verdict during its deliberation on 1 September 1983. On the following day, before the jury retired to deliberate, the trial court inquired as to the numerical division of the jury and learned that it was split "six-six." The trial court briefly reinstructed the jury. Approximately forty-five minutes later, the jury returned a verdict, finding the defendant guilty of common law robbery.

The major question for our consideration is whether the trial court committed prejudicial error when it denied the defendant's

motion for a transcript of the second trial. As set forth in *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed. 2d 400 (1971), the test in any case where a transcript has been requested is whether it is needed for an effective defense or appeal. In *Britt* the U.S. Supreme Court identified two factors relevant to this determination:

> (1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript.

*Id.* at 227, 92 S.Ct. at 434, 30 L.Ed. 2d at 403-04.

The State argues that the facts of this case not only demonstrate the lack of necessity for the transcript of the second trial, but also the existence of several readily available alternatives. When Judge Howell first denied the defendant's motion for a transcript of the second trial, the following circumstances existed: the third trial would begin in only one week; the defendant would be represented at the third trial by the same counsel who appeared on his behalf in the second; the defendant had a transcript of the first trial, the only trial in which Lawrence Stoker did not appear as his counsel; the same trial judge who presided over the first two trials would preside over the third; and the court reporter of the first two trials would also record the third. These facts are similar to those in *Britt* and in other cases where the trial judge's refusal to order the defendant a transcript of his trial was upheld. *See State v. McNeill*, 33 N.C. App. 317, 235 S.E. 2d 274 (1977); *State v. Gibbs*, 29 N.C. App. 647, 225 S.E. 2d 837 (1976).

Ordinarily, we would agree with the State that under these circumstances the trial court properly denied the defendant's request for a transcript of the second trial. *See State v. Matthews*, 295 N.C. 265, 289-90, 245 S.E. 2d 727, 742 (1978), *cert. denied*, 439 U.S. 1128, 99 S.Ct. 1046, 59 L.Ed. 2d 90 (1979). However, we find that the trial judge committed prejudicial error when he later gave the State a transcript of part of the second trial and denied the defendant's request for a transcript of part of the second trial.

Specifically, the defendant argues, and we agree, that Judge Howell committed prejudicial error when he recessed the pro-

ceedings, ordered the court reporter to transcribe the defendant's alibi witness's testimony in the second trial, and permitted this former testimony to be introduced into evidence, while refusing to furnish him a transcript of the prosecuting witness's testimony from the same trial. Both the defense and the prosecution wanted the earlier testimony of these witnesses for impeachment purposes to highlight inconsistencies in their testimonies at the last two trials. The trial judge justified the difference in treatment of the State's request from the defendant's similar request on the basis that he failed to find any inconsistencies in the prosecuting witness's testimonies which would warrant a transcription of her previous testimony.

Because the prosecuting witness's testimony in the second trial was never transcribed, we cannot determine, as the trial judge summarily determined, if her testimony was in fact consistent with her most recent testimony. Moreover, from our review of the testimony of the defendant's alibi witness, we fail to see what portion of her testimony was so highly inconsistent to warrant the transcription of her testimony alone. The most important aspect of her testimony was that the defendant was with her during and for a short period after the time the alleged crime was committed. This portion of her testimony remained constant in all three trials. The only difference in her testimony was that in the second trial she stated that the defendant was with her until 4:30 or 5:00, "closer to 5:00," and in the third trial she testified that he was with her until 4:20, the time she left to pick up her husband from work.

In *State v. Matthews, id.* at 290, 245 S.E. 2d at 742, the Supreme Court held that the "defendants here suffered no prejudice from the lack of a transcript" because "neither the district attorney nor counsel for the defense had a transcript of the former trial. The scales were not tipped in favor of the State on this count." In the present case, we believe the scales were tipped in favor of the State.

The record reveals that the prosecution and the defendant had the same reasons for wanting the other's witness's testimony transcribed. More importantly, they both had the same alternatives to the actual transcription of the testimony available to them. Thus, it was fundamentally unfair to allow only the State to

have its desired testimony transcribed and to force the defendant alone to seek other alternatives. Therefore, because of the unfairness and unequal treatment surrounding the availability and the use of the second trial's transcript and because we recognize, as this Court did in *McNeill, supra*, at 323, 235 S.E. 2d at 277, that "the benefits of the availability of a transcript . . . to the State as well as the defendant are manifest," we hold the trial court committed prejudicial error in allowing only the State to have a portion of the second trial testimony transcribed and we grant the defendant a new trial.

The defendant has made several other assignments of error. We do not consider them because the questions they pose are unlikely to arise on retrial.

New trial.

Judges WEBB and EAGLES concur.