STATE OF NORTH CAROLINA v. CHARLES DAVID BECTON, Defendant

COA03-682

(Filed 6 April 2004)

**Robbery— armed—bank—money obtained from two tellers**
    The trial court erred by denying defendant's motion for appropriate relief from convictions and consecutive sentences on two bills of indictment charging defendant with the armed robbery of two bank tellers at the same bank arising out of the same wrongful act, because: (1) defendant committed one armed robbery during which the property of the bank was taken; and (2) the fact that the employer's money was obtained from two tellers does not allow the State to indict defendant for two separate armed robberies.

Appeal by defendant from order entered 19 July 2002 by Judge Donald W. Stephens in Superior Court, Wake County. Heard in the Court of Appeals 2 March 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Kathleen U. Baldwin, for the State.*

*Nora Henry Hargrove for defendant.*

WYNN, Judge.

"When the lives of all employees in a store are threatened and endangered by the use or threatened use of a firearm incident to the theft of their employer's money or property, a single robbery with firearms is committed." *State v. Potter*, 285 N.C. 238, 253, 204 S.E.2d 649, 659 (1974); *see also State v. Ballard*, 280 N.C. 479, 186 S.E.2d 372 (1972); *State v. Beaty*, 306 N.C. 491, 293 S.E.2d 760 (1982), *overruled on other grounds by, State v. White*, 322 N.C. 506, 369 S.E.2d 813 (1988). As Defendant received two consecutive sentences for judgments entered on two bills of indictment charging Defendant with the armed robbery of two bank tellers employed by Carolina Telecode Federal Credit Union, the trial court erroneously denied Defendant's motion for appropriate relief.

The facts pertinent to this appeal indicate Defendant was convicted of the 21 January 1999 robbery of the Carolina Telecode Federal Credit Union in Raleigh, North Carolina. Defendant, disguised by a sheer mask, entered the credit union with a silver handgun in one hand and a tote bag in the other. He approached the first teller, demanded money, and received approximately $3200. While Defendant obtained the money from the first teller, the second teller placed money on the counter. After receiving the money from the first teller, Defendant approached the second teller, removed the money, approximately $3600, from the counter and placed it in his bag. Defendant then asked the second teller the location of the bank's safe. As the second teller turned to go and unlock the safe, Defendant's gun fired and the second teller was hit in the elbow. Defendant left the premises. On 15 September 1999, Defendant was convicted of two counts of armed robbery, possession of a firearm by a felon, and speeding to elude arrest.

On appeal to this Court, we concluded no error was committed in Defendant's trial in an unpublished opinion filed 4 June 2002. *See State v. Becton*, 150 N.C. App. 714, 564 S.E.2d 321 (2002) (COA01-954). The issues on appeal before this Court in COA01-954 were (I) whether the trial court violated Defendant's constitutional rights when it refused to allow Defendant to represent himself *pro se*; (II) Did the trial court erroneously recommend Defendant pay restitution to the alleged victims before his release from prison; and (III) Did the trial court erroneously fail to find Defendant was denied effective assistance of counsel which we concluded was essentially another argument related to the trial court's refusal to allow

Defendant to proceed *pro se.* Our Supreme Court denied discretionary review on 19 August 2002.

On 24 June 2002, Defendant filed a *pro se* motion for appropriate relief contending his convictions were in violation of the double jeopardy clause of the United States and North Carolina Constitutions and that said convictions constituted vindictive prosecution. Defendant also contended he received ineffective assistance of trial and appellate counsel. On 19 July 2002, the trial court denied Defendant's motion for appropriate relief without holding an evidentiary hearing. The order indicated "the indictments of record show that the defendant was convicted of armed robbery of two separate victims named in two separate bills of indictment" and that "these were separate crimes for which defendant could and did receive separate convictions and sentences." Accordingly, the trial court concluded "there is no basis in law or fact to support the defendant's motion for appropriate relief." On 21 August 2002, this Court allowed Defendant's petition for writ of certiorari.

Defendant contends he received multiple punishments for one crime in contravention of the double jeopardy clause of the United States and North Carolina Constitutions. *See* U.S. Const. Amend. V; N.C. Const. Art. I, sec. 19. The constitutional prohibition against double jeopardy protects against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969). In *State v. Potter*, 285 N.C. 238, 204 S.E.2d 649 (1974), our Supreme Court held that "when the lives of all employees in a store are threatened and endangered by the use or threatened use of a firearm incident to the theft of their employer's money or property, a single robbery with firearms is committed." Thus, pursuant to our Supreme Court's decision in *Potter*, Defendant was subjected to multiple punishments for a single armed robbery in violation of the double jeopardy clause. *See also State v. Ballard*, 280 N.C. 479, 186 S.E.2d 372 (1972).

However, in *Potter*, our Supreme Court also stated "we express no opinion as to factual situations in which, in addition to robbery, an employee is physically injured or killed, or to factual situations in which, in addition to the theft of the employer's money or property, the robber takes money or property of an employee or customer." *Potter*, 285 N.C. at 253, 204 S.E.2d at 659. Based upon this statement, the State argues *Potter* does not control this case and that the focus should be upon the assaultive nature of the crime, rather than its larcenous nature. In discussing its statement in *Potter* regarding differ-

ent factual situations, our Supreme Court in *State v. Sanders*, 288 N.C. 285, 293, 218 S.E.2d 352, 359 (1975), explained that "in *Potter*, the Court specifically implied that if other offenses arose out of the same original wrongful act it would not necessarily treat such attendant offenses as part of the original offense."

In *Sanders*, the defendant had been convicted of damage to personal property occupied by an individual in violation of N.C. Gen. Stat. § 14-49.1 and willfully and maliciously injuring an individual by the use of explosives in violation of N.C. Gen. Stat. § 14-49. Our Supreme Court determined that although both charges arose out of one explosion, they constituted separate offenses. Our Supreme Court concluded *Potter* does not prohibit the State from charging an individual with several offenses arising out of the same wrongful act.

Similarly, the State could have charged Defendant with other offenses arising out of his criminal conduct in this case. Indeed, if the bank teller's elbow injury constituted a serious injury, Defendant could have been indicted for assault with a deadly weapon inflicting serious injury, which is not a lesser included offense of armed robbery. *See State v. Richardson*, 279 N.C. 621, 628, 185 S.E.2d 102, 107-08 (1971). Moreover, if Defendant had robbed either of the tellers of their personal property, Defendant could have been charged with a separate count of armed robbery. *See State v. Gibbs*, 29 N.C. App. 647, 225 S.E.2d 837 (1976) (indicating the double jeopardy clause was not violated where Defendant was indicted for two counts of armed robbery where he took a female employee's purse and the corporation's money). Similarly, if Defendant had robbed non-employee during the course of the armed robbery of the credit union, Defendant could have been charged with a separate count of armed robbery. *See State v. Johnson*, 23 N.C. App. 52, 208 S.E.2d 206 (1974) (facts indicated personal property was taken from non-employees).

In light of our Supreme Court's decision in *State v. Potter*, we are compelled to conclude that under the facts of this case, Defendant committed one armed robbery during which the property of Carolina Telecode Federal Credit Union was taken. The fact that the employer's money was obtained from two tellers does not allow the State to indict Defendant for two separate armed robberies. Indeed, in *State v. Potter*, the defendant obtained the $265.00 from two separate cash registers operated by two different employees. Thus, as stated in *State v. Potter*, 285 N.C. 238, 254, 204 S.E.2d 649, 659 (1974),

"the two verdicts are to be considered the same as a single verdict of guilty of armed robbery". In this case, Defendant received two consecutive sentences of 117 to 150 months; accordingly, as in *Potter*, "the judgments pronounced are to be considered as if a single judgment were pronounced which imposed a prison sentence of not less than 117 nor more than 150 months. The judgments are so modified and this cause is remanded to the Superior Court of Wake County with direction to withdraw its prior commitment(s) and issue a new commitment in conformity with this decision.

Judgment modified and cause remanded.

Judges HUNTER and TYSON concur.