GEER, Judge.
 

 *314
 
 Defendant Ronald Anthony Miller appeals from judgments entered on convictions of multiple offenses. On appeal, however, defendant challenges only his convictions of attempted larceny and attempted common law robbery. Defendant argues that sentencing him for both convictions violates the constitutional prohibition on double jeopardy because the attempted larceny conviction was a lesser-included offense of the attempted robbery charge. Since defendant did not raise this constitutional issue at trial, he failed to preserve this issue for appeal. Even if the double jeopardy issue were properly before us, we would find no error because defendant committed each charged offense against a different victim.
 

 Facts
 

 Defendant was indicted on charges arising out of three separate incidents all occurring in the early morning hours of 25 July 2013. He was acquitted of the charges related to one incident, but convicted of charges arising out of the two other incidents. On appeal, defendant challenges only the convictions related to one of the two incidents. With respect to that incident, the State's evidence tended to show the following facts.
 

 Defendant entered the residence of George and Shirley Hardy during the early morning of 25 July 2013 while they were sleeping. The Hardys' 15-year-old granddaughter, Katie, and a friend were visiting from Florida and were also sleeping inside. Katie woke up when defendant entered her room, turned on the lights, and asked her where the car keys were. Katie noticed that defendant had a box cutter knife in his hand and became "[r]eally scared." She told defendant that the keys were upstairs, and he followed her up the stairs with the box cutter pointed in her direction. By entering the room where her grandmother was sleeping and making noise while looking for the keys, Katie intended to wake her grandmother, which she succeeded in doing. Defendant then instructed Katie to head downstairs and go inside a vacant room. When Katie got downstairs, she refused to enter the vacant room. Soon afterward, her grandfather, who also was awakened by the noise, "stormed downstairs," and defendant left the house.
 

 Defendant was later apprehended. As a result of the incident at the Hardys' home and two other incidents the same night, defendant was indicted for first degree burglary with a deadly weapon enhancement, false imprisonment, possession of burglary tools, injury to real property,
 
 *315
 
 attempted felony larceny, attempted common law robbery, second degree kidnapping, a second count of first degree burglary, breaking and entering a motor vehicle, misdemeanor larceny, assault on a female, and assault by strangulation. He was also indicted for attaining habitual felon status.
 

 With respect to the indictments pertinent to this appeal, the indictment for attempted felony larceny stated that defendant "attempt[ed] to steal, take, and carry away a set of keys, the personal property of another, George Hardy." In the indictment for attempted common law robbery, the State alleged that defendant "attempt[ed] to steal, take, and carry away ... a set of keys ... from the person and presence of Katie Hardy by means of an assault upon her consisting of putting her in fear of bodily harm by threat of violence."
 

 Defendant's indictment for possession of burglary tools was dismissed by the trial court. Defendant was later convicted by a jury of all remaining offenses except for second degree kidnapping, the second count of first degree burglary, breaking and entering a motor vehicle, misdemeanor larceny, and assault by strangulation. On 23 July 2014, the trial court sentenced defendant to a presumptive-range term of 157 to 201 months for first degree burglary, assault on a female, false imprisonment, and injury to real property, a presumptive-range term of 29 to 47 months for attempted larceny, and a presumptive-range term of 73 to 100 months for attempted common law robbery, with each term to be served consecutively. Defendant timely appealed to this Court.
 

 *330
 

 Discussion
 

 Defendant's only contention on appeal is that his consecutive sentences for attempted larceny and attempted common law robbery violate the prohibition on double jeopardy because both convictions arise out of the same conduct. In response, the State argues that defendant failed to raise any objection before the trial court based on double jeopardy, and, therefore, this Court should not review this issue.
 

 Generally, " '[c]onstitutional questions not raised and passed on by the trial court will not ordinarily be considered on appeal.' "
 
 State v. Davis,
 

 364 N.C. 297
 
 , 301,
 
 698 S.E.2d 65
 
 , 67 (2010) (quoting
 
 State v. Tirado,
 

 358 N.C. 551
 
 , 571,
 
 599 S.E.2d 515
 
 , 529 (2004) ). "Furthermore, our appellate rules require a party to make 'a timely request, objection, or motion [at trial], stating the specific grounds for the [desired] ruling' in order to preserve an issue for appellate review."
 
 State v. Mulder,
 

 233 N.C.App. 82
 
 , 86,
 
 755 S.E.2d 98
 
 , 101 (2014) (quoting N.C.R.App. P. 10(a)(1) ).
 

 *316
 
 Even though defendant concedes that he did not raise this double jeopardy issue below, he asks this Court to arrest judgment on one of his convictions. He claims that this double jeopardy violation amounts to a "fatal defect in the ... judgment which appears on the face of the record," and, therefore, he may raise the double jeopardy issue for the first time on appeal.
 
 State v. Wilson,
 

 128 N.C.App. 688
 
 , 691,
 
 497 S.E.2d 416
 
 , 419 (1998). We do not agree.
 

 This Court has examined this exact double jeopardy issue in
 
 Mulder
 
 and we find it controlling here. In
 
 Mulder,
 
 the defendant argued, like the defendant here, that his convictions for a lesser-included offense and a greater offense violated the constitutional prohibitions on double jeopardy.
 
 233 N.C.App. at 85
 
 ,
 
 755 S.E.2d at 100
 
 . Also, like defendant here, the defendant in
 
 Mulder
 
 failed to preserve this issue before the trial court and requested this Court to arrest the judgment on the basis of a "fatal defect on the face of the record" pursuant to this Court's opinion in
 
 Wilson.
 

 233 N.C.App. at 86
 
 ,
 
 755 S.E.2d at 101
 
 . However, this Court explicitly rejected this argument, holding that "[a] double jeopardy problem is
 
 distinct
 
 from a 'fatal flaw which appears on the face of the record.' "
 
 Id.
 
 at 86,
 
 755 S.E.2d at 101
 
 . This Court concluded that by failing to raise the double jeopardy issue below, he had waived the issue on appeal.
 
 Id.
 
 at 86,
 
 755 S.E.2d at 101
 
 .
 

 In the alternative, defendant requests, like the defendant in
 
 Mulder,
 
 that we invoke Rule 2 of the Rules of Appellate Procedure, so as to suspend the Rules of Appellate Procedure and review this double jeopardy issue. "Appellate Rule 2 specifically gives 'either court of the appellate division' the discretion to 'suspend or vary the requirements or provisions of any of [the] rules' in order '[t]o prevent manifest injustice to a party, or to expedite decision in the public interest.' "
 
 State v. Hart,
 

 361 N.C. 309
 
 , 315,
 
 644 S.E.2d 201
 
 , 204-05 (2007) (quoting N.C.R.App. P. 2 ). "The decision to review an unpreserved argument relating to double jeopardy is entirely discretionary."
 
 Mulder,
 

 233 N.C.App. at 86
 
 ,
 
 755 S.E.2d at 101
 
 . Despite our discretionary authority to invoke Rule 2, our Supreme Court has directed we do so "cautiously."
 
 Hart,
 

 361 N.C. at 315
 
 ,
 
 644 S.E.2d at 205
 
 . Given that we find no "manifest injustice" to defendant or any fact that implicates the "public interest," we decline to invoke Rule 2 in this case.
 

 Even if we were to invoke Rule 2, we would hold that defendant has failed to show a violation of the Double Jeopardy Clause because each offense at issue involved a different victim. The indictment alleged that George Hardy was the victim of the attempted larceny of his keys, while
 
 *317
 
 Katie was the victim of an attempted common law robbery when defendant threatened her with the box cutter in order to get her to retrieve the keys.
 

 As a general rule, "it is well established that two or more criminal offenses may grow out of the same course of action...."
 
 State v. Fulcher,
 

 294 N.C. 503
 
 , 523,
 
 243 S.E.2d 338
 
 , 351 (1978). Furthermore, "even where evidence to support two or more offenses overlaps, double jeopardy does not occur unless the evidence required to support the two convictions is identical. If proof of
 
 *331
 
 an additional fact is required for each conviction which is not required for the other, even though some of the same acts must be proved in the trial of each, the offenses are not the same."
 
 State v. Murray,
 

 310 N.C. 541
 
 , 548,
 
 313 S.E.2d 523
 
 , 529 (1984). Thus, here, the existence of two different victims requires an additional fact to be proven for each offense that is not required to prove the other offense. Furthermore, the attempt to take property from Katie was carried out "by means of an assault upon her consisting of putting her in fear of bodily harm by threat of violence [,]" whereas this was not the case with George Hardy. Likewise, the attempted larceny charge required proof that that the keys belonged to George Hardy, while proof of ownership was unnecessary to prove the attempted armed robbery committed against Katie.
 

 Our courts have applied similar logic in other cases.
 
 See
 

 State v. Gibbs,
 

 29 N.C.App. 647
 
 , 650,
 
 225 S.E.2d 837
 
 , 839 (1976) (indicating double jeopardy clause was not violated where defendant was indicted for two counts of armed robbery where he took female employee's purse and also corporation's money);
 
 State v. Johnson,
 

 23 N.C.App. 52
 
 , 56,
 
 208 S.E.2d 206
 
 , 209 (1974) ("Here defendants threatened the use of force on separate victims and took property from each of them.... [E]ach separate victim was deprived of property. The armed robbery of each person is a separate and distinct offense, for which defendant[ ] may be prosecuted and punished."). Furthermore, we find this logic prevalent in other jurisdictions.
 
 See
 

 Clay v. State,
 

 593 P.2d 509
 
 , 510 (Okla.Crim.App.1979) ("[I]t is clear that offenses committed against different individual victims are not the same for double jeopardy or dual punishment purposes, even though they arise from the same episode or transaction."),
 
 overruled in part on other grounds,
 

 Davis v. State,
 

 993 P.2d 124
 
 (Okla.Crim.App.1999) ;
 
 Gandy v. State,
 

 42 Ala.App. 215
 
 ,
 
 159 So.2d 71
 
 , 73 (1963) ("The facts which appellant insists are presented by the record show an entirely separate and distinct offense with respect to each victim. The defense of double jeopardy was not available to the accused.").
 

 *318
 
 Although we know of no existing precedent that examines the issue of double jeopardy under the exact factual situation resulting in the offenses charged here, we can infer from prior case law that when two different victims are subject to the same criminal actions resulting in charges of armed robbery and larceny, double jeopardy is not implicated. In
 
 State v. Hurst,
 

 82 N.C.App. 1
 
 , 20,
 
 346 S.E.2d 8
 
 , 19 (1986),
 
 rev'd on other grounds,
 

 320 N.C. 589
 
 ,
 
 359 S.E.2d 776
 
 (1987), this Court found that the charged offenses of larceny and armed robbery were mutually exclusive, and therefore in violation of double jeopardy, because the offender took "the same goods
 
 from the same person
 
 at one time." (Emphasis added.) Thus, because defendant committed the first offense of attempted larceny upon entering the Hardys' home with the intent of taking and carrying away his keys and then committed the second separate offense of attempted common law robbery upon threatening Katie with box cutters in an attempt to take and carry away her grandfather's keys, defendant could properly be convicted of and sentenced for both offenses.
 

 Because, however, defendant has not argued any basis for overturning his convictions that was preserved for appellate review, we hold that defendant received a trial free of prejudicial error.
 

 NO ERROR.
 

 Judges BRYANT and TYSON concur.